IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | |
|---|---|
| CAPSON PHYSICIANS<br>INSURANCE COMPANY | PLAINTIFF/<br>COUNTER DEFENDANT |
| v. No. 3:13-cv-157-DPM | |
| MMIC INSURANCE INC. | DEFENDANT/<br>COUNTER CLAIMANT |
| MMIC INSURANCE INC. | THIRD PARTY PLAINTIFF |
| v. | |
| DR. KARL J. HASIK; LILLIAN WILSON,<br>Individually and as Special Administratrix<br>for the Estate of J.A.W., deceased;<br>SAMANTHA RAY, Individually and<br>as next friend and guardian of A.L.R.,<br>a minor; DERECK RAY, Individually<br>and as next friend and guardian<br>of A.L.R., a minor;<br>and DOE, A.L.R., a minor | THIRD PARTY DEFENDANTS |

ORDER

This case is tangled up and various motions need deciding.

1. Capson's motion to amend its complaint is granted. It's proposed claims for rescission and about coverage run against Dr. Hasik, which Rule 14(a)(3) allows. Before it files its amended complaint, Capson should revise

its draft to show that the claims are against Dr. Hasik.

**2.** Dr. Hasik's motion to amend his answer is granted in part and denied in part. He may assert counterclaims for breach and declaratory judgment against MMIC. The Court, though, sees no adequate bad faith claim. *Popoalii v. Correctional Medical Services*, 512 F.3d 488, 497 (8th Cir. 2008). The choice-of-law issue is less than clear, but that doesn't make any real difference. *Ganey v. Kawasaki Motors Corp. USA*, 366 Ark. 238, 251, 234 S.W. 3d 838, 847 (2006) (tort claims).

If Arkansas law applies, amendment would be futile because the threshold of required affirmative misconduct is so high. *State Auto Property & Casualty Co. v. Swaim*, 338 Ark. 49, 58, 991 S.W. 2d 555, 561 (1999) (collecting Arkansas cases).

If Minnesota law applies, the claim fails in the circumstances presented. MMIC didn't undertake Dr. Hasik's defense and then abandon him. *Compare St. Paul Fire & Marine Ins. Co. v. A.P.L., Inc.*, 738 N.W. 2d 401, 407 (Minn. Ct. App. 2007). Even a bad faith breach doesn't suffice. *Morris v. America Family Mutual Insurance Co.*, 386 N.W. 2d 233, 237 (Minn. 1986).

The question is closer under Iowa law. *Weitz Co., LLC v. Lloyds of London*,

574 F.3d 885, 892 (8th Cir. 2009). But the Court concludes that Dr. Hasik's conclusory allegations, as well as the particulars alleged about the Dr. Hasik/Graziano and Dr. Hasik/Dr. Hofeldt conversations, № 55-2 *at pp. 13-17*, are simply too thinly pleaded to state a bad faith claim even under Iowa law. A probing investigation and hard ball aren't enough. Beyond those things, Dr. Hasik pleads conclusions, not facts. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

**3.** Crawford County Memorial Hospital's motion to intervene is granted as modified. Because MMIC wants to preserve and pursue potential arguments that attorney's fees incurred on behalf of Dr. Hasik in defending this case are not recoverable under Ark. Code. Ann. § 23-79-209 given that the hospital is paying those fees, the hospital may intervene, either of right or with permission, limited to the fee issue. FED. R. CIV. P. 24(a) & (b); *Little Rock School District v. North Little Rock School District*, 378 F.3d 774, 780 (8th Cir. 2004). This will not derail the case because the hospital and Dr. Hasik share counsel; and the hospital's interests and Dr. Hasik's align except on the fee issue, which will heat up later, or not, depending on the merits.

**4.** The Rays' motion to stay is denied. First, this coverage case is not

parallel with the two state malpractice cases. Coverage will turn, as best this Court can tell, on what Dr. Hasik knew (or should have known) about the potential Ray and Wilson claims when he applied to be added to the hospital's MMIC policy. Dr. Hasik's patient conversations, and his impressions about the likelihood of resulting claims, edge into standard-of-care issues. But they do so at the margin. It's unlikely that any fact material on the alleged malpractice will be found in resolving the coverage issues. The Court has also protected the parties in the state cases. The Court has directed all counsel to limit their case-related questioning in the upcoming depositions to coverage-related facts. And the Court has ordered the depositions of Dr. Hasik and his wife to be taken under seal and not used beyond this case without a prior Order from this Court. The application-related coverage issues presented here will not be resolved in the malpractice cases; even if Dr. Hasik wins both, who will pay the cost of defense would remain disputed; and if he loses one or both, the indemnity issues would remain too. Deciding the coverage issues will help, not hinder, the underlying cases — the parties will know who has the duty to defend, and pay if need be, now. The decision will clarify the Capson/MMIC/Dr. Hasik relationships, eliminating the

coverage uncertainty clouding the state cases. Considering all the material circumstances, *Scottsdale Insurance Co. V. Detco Insustries, Inc.*, 426 F.3d 994, 996–99 (8th Cir. 2005), the Court declines to abstain.

**5.** Joint report, № *88*, noted and appreciated. The Court applauds the parties' progress on scheduling depositions. Settlements are favorites of the law; and the Court looks forward to hearing if the mediation bears fruit. No good cause appears, though, for modifying the scheduling Order again or continuing the June trial date in this older case. The parties should schedule the Capson and MMIC depositions accordingly.

**6.** Dr. Hasik's motion for clarification, № *89*, which seems more like a motion to reconsider, is denied without prejudice. The Court reminds Dr. Hasik — and all parties — to follow the joint-report procedure on all discovery-related disputes. The report provides the Court each side's position (in its own words) at the same time in brief compass. The report procedure is helpful, fair, and efficient. Please use it.

\*   \*   \*

Capson's motion to amend complaint, № *56*, granted. Amended complaint due by 25 February 2015. Dr. Hasik's motion to amend answer, №

*55*, granted on the counterclaims for breach of contract and declaratory judgment, denied on bad faith. Amended answer with counterclaims due by 25 February 2015. Crawford County Memorial Hospital's motion to intervene, № *57*, granted as modified. Intervention is limited to the fee issue. Hospital's complaint due by 25 February 2015. Rays' motion to stay, № *72*, denied. Joint report, № *88*, noted and responded to. Dr. Hasik's motion to clarify, № *89*, denied without prejudice to a joint report.

    So Ordered.

*/s/ D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

18 February 2015