IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | |
|---|---|
| CAPSON PHYSICIANS INSURANCE COMPANY | PLAINTIFF/ COUNTER DEFENDANT |

v.                           No. 3:13-cv-157-DPM

| | |
|---|---|
| MMIC INSURANCE, INC. | DEFENDANT/ COUNTER CLAIMANT |
| MMIC INSURANCE, INC. | THIRD PARTY PLAINTIFF |

v.

| | |
|---|---|
| DR. KARL J. HASIK; LILLIAN WILSON, Individually and as Special Administratrix for the Estate of J.A.W., deceased; SAMANTHA RAY, Individually and as next friend and guardian of A.L.R., a minor; DERECK RAY, Individually and as next friend and guardian of A.L.R., a minor; and DOE, A.L.R., a minor | THIRD PARTY DEFENDANTS |

ORDER

1. Joint report, № 107, noted. Arkansas law governs the privilege issues on the coverage-related claims. FED. R. EVID. 501; *Williams v. American Broadcasting Companies, Inc.*, 96 F.R.D. 658, 662 (W.D. Ark. 1983). There's no spousal privilege that allows the Hasiks to refuse to answer. ARK. R. EVID.

504(b). Dr. Hasik's contrary argument and authorities are unpersuasive.

To save time and expense, and because the questions have already been asked on the record, the Court orders the parties to fill this gap pursuant to FED. R. CIV. P. 31(a)(2)(A)(ii). The Hasiks shall answer the pending questions under oath in writing by 1 April 2015.

Given the Iowa spousal privilege, the Hasiks' answers may not be used in that pending malpractice case. Whether they may be used for some purpose in the Arkansas malpractice case is a question for another day.

**2.** MMIC's motion, № *101*, to strike Dr. Hasik's counterclaim is denied with a caveat. (Dr. Hasik hasn't responded yet, but the issues are plain.). The Court's prior Order was clear: no bad faith claim exists. The Court reads the loose language in Dr. Hasik's counterclaim to be solely in service of his breach claim. The implied-covenant language is also just about breach. Under Arkansas law, there's no free-standing claim for breaking the implied covenant of good faith and fair dealing.

**3.** Joint status report, № *108*, noted and appreciated. The Court orders that all parties before this Court must send a representative (with full settlement authority to resolve this case and the two related cases) to the

23 April 2015 mediation. Joint report on mediation due by 24 April 2015.

* * *

Joint discovery report, № 107, addressed. Motion to strike, № 101, denied with a caveat. Joint status report, № 108, noted and requested attendance Order at private mediation issued.

So Ordered.

*[signature]*
D.P. Marshall Jr.
United States District Judge

23 March 2015